IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-01833-RPM

ESMERALDA CASTANEDA, et al.,

    Plaintiffs,

v.

JBS USA, LLC,

    Defendant,

And

UNITED FOOD AND COMMERCIAL WORKERS LOCAL NO. 7,

    Interested Party.
_____

MEMORANDUM OPINION AND ORDER
_____

In this collective action brought by current and former hourly employees working at the beef processing plant in Greeley, Colorado, now owned by defendant JBS USA, LLC,. ("JBS or Employer"), the plaintiffs seek compensation for claimed violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* After the application of 29 U.S.C. § 203(o) on summary judgment on some of the claims, the plaintiffs and defendant agreed to separate trials on liability and remedy.

Extensive evidence was presented at a bench trial from February 28 to March 3, 2011, including videotapes of actual operations at the plant. On August 1, 2011, this court made its findings and conclusions in narrative form in its Memorandum Opinion and Order (166). In that Order the court identified issues in this paragraph:

> The central questions in this case are when does the workday begin and end and does the meal period provide an adequate opportunity for the workers to eat a meal. It is clear that the workday is not accurately measured by the time on the production lines. It is also clear that walk times should be added to the plug times for donning and doffing in the CBA's that were the basis for this court's ruling on the applicability of § 203(o) on summary judgment. The plaintiffs' claims for compensation for walk times during the shift are not subject to section 3(o) and the measurement for each individual is not feasible. Accordingly, a reasonable amount must be determined....

Order, p. 12.

As to the meal period, the following finding was made:

> The employer did not provide a full 30 minute meal break to its employees. The plug times for donning and doffing includes that required for the meal break. It does not recognize the fact that the time required to remove clothing and equipment and walk to the cafeteria and the time to return, fully equipped to the assigned positions on the production line substantially erodes the time available to eat lunch. An adequate meal break is an obligation that is necessary for the health and safety of the employees, an essential purpose of the FLSA. § 202. The employer has not provided a full 30 minute meal break and the minimal amounts of plug times for donning and doffing during the break do not satisfy the obligation imposed by the statute and the regulation.

After rejecting the plaintiffs' contention that the continuous workday should be measured by removal from and return to the lockers of the required tools and equipment, the Court found that plaintiffs have not been fully compensated for their work and said that the questions relevant to remedy may require a determination of the reasonableness of the plug times added on the basis of the 2007 measurements and the appropriate remedy for the failure to provide a bona fide 30-minute meal break must be determined. Because the latter issue would affect the Collective Bargaining Agreement, the United Food and Commercial Workers Local 7 ("Union") was permitted to intervene for the limited purpose of formulating any remedial order as to the

meal break.

At the time of the Order this Court understood that a 30 minute meal break was required by law or regulation. That is not correct.

The source of the non-compensable 30 minute break from work on the fabrication production line is a provision in the collective bargaining agreement which has been the same since the first agreement entered into in September, 1994, during the first litigation concerning this plant, then owned by Monfort, Inc., Case No. 92-M-2456.

The thirty minute stoppage of the production line is also a requirement made by the USDA inspectors.

Accordingly, the previous finding as to a bona fide meal period must be re-considered in light of the fact that the regulation of the Department of Labor in 29 C.F.R. § 785.19(a) is only applicable if the employer is permitted to interrupt the continuous workday by providing a meal period. The regulation reads as follows:

> **Bona fide meal periods.** Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating. (Citations omitted)

The parties submitted written closing arguments and the Union filed a brief. Both the Union and the plaintiffs contend that the videotapes, as interpreted by the plaintiffs' opinion witness, Dr. Robert G. Radwin, show that the time that fabrication line employees are fully relieved is so short that it does not qualify as a bona fide meal period. Accordingly, they argue that those workers should be compensated for the entire 30 minute period as worktime.

The Union's contention is not consistent with its history as the bargaining representative of all of the employees at the plant.

Beginning with the first collective bargaining agreement ("CBA"), the Union agreed with this provision:

> Employees will be allowed a thirty (30) minute lunch period (without pay) at approximately half way through the employee's scheduled work day.
>
> Def. Ex. C at 23.

There is no evidence that there have been any changes to the clothing and equipment that the fabrication line employees are required to don and doff, or the walking distance to the exit from the production room, from the time of the first CBA to the time of trial. Accordingly, this provision was accepted by the Union with awareness that the reality was that free time for these employees was less than 30 minutes. There is no evidence that the Union has ever pursued a grievance asserting a violation of this provision of the CBA's.

As previously described in the Order, the Union entered into an Agreement in 2000 adding compensable time for donning and doffing activities which was incorporated by reference into the 2004-2009 CBA. A new study was done in 2007,

resulting in a new Agreement made in early 2010. The added times specified in these agreements are referred to as plug times. In accepting these agreements the Union did not reserve the contention it now makes that the entire CBA meal period should be compensable worktime.

It is recognized that the Union has no legal power to waive the FLSA rights of individual employees. They are free to assert them in a collective action.

The realities of this and the many other cases involving this type of work environment are that individual work times cannot be accurately measured and recorded; that the disputed times may vary widely from day to day and shift to shift; that physical characteristics and health of individual employees affect these times and that employers have received no meaningful guidance from the Department of Labor.

While this case is not within the holding of the Supreme Court in *Sandifer v. United States Steel Corp.,* 134 S.Ct. 870 (2014) defining "changing clothes" under § 203(o), the following language from Justice Scalia's opinion is suggestive of the approach this Court is now taking:

> That said, we nonetheless agree with the basic perception of the Courts of Appeals that it is most unlikely Congress meant §203(o) to convert federal judges into time-study professionals. That is especially so since the consequence of dispensing with the intricate exercise of separating the minutes spent clothes-changing and washing from the minutes devoted to other activities is not to prevent compensation for the uncovered segments, but merely to leave the issue of compensation to the process of collective bargaining. We think it is possible to give the text of §203(o) a meaning that avoids such relatively inconsequential judicial involvement in "a morass of difficult, fact specific determinations,"

*Id.* at 881.

The issues here are not within the scope of § 203(o) unless this Court were to

follow Judge Posner's view that there may be two four-hour work days and the expansive definition of clothes in his recent opinion in *Mitchell v. JCG Industries*, No. 13-2115, (7th Cir. 2014).[1]

The 2010 Agreement does not affect this case because the relevant time period is two years from the filing date, August 27, 2008, of this case and the plaintiffs' Agreement provided only for payment to workers currently employed. Many of the plaintiffs were not employed in 2010. Additionally, the times added in that Agreement may not be considered on the issue of reasonableness of the plug times agreed to in 2007 unless it is to be said that the additions made in 2010 are a concession that the earlier plug times are not reasonable. Those times were negotiated and no such concession should be inferred.

The bona fides of a meal period is determined by the "predominate benefit test" asking whether the challenged activities predominantly benefit the employer or the employee. *Lamon v. City of Shawnee,* 972 F.2d 1145, 1157 (10th Cir. 1992). The donning, doffing, sanitation and walk times are of mutual benefit. The health and safety of the workers is of importance to them and to the employer. The production of sanitary beef products is important to the public. The predominant purpose of the 30 minute break is to provide an opportunity to eat and the company provides cafeteria services

for that purpose. That obviously is primarily for the benefit of the workers. That, then is the predominant purpose of the negotiated 30 minute meal break.

---

[1]There was no claim that the meal period was not bona fide.

There is no requirement in the Regulation that a meal period must be 30 minutes. It recognizes that a "shorter period may be long enough under special conditions." § 785.19(a).  Because the Union has consistently accepted the 30 minute break it is recognized that these are special conditions within the meaning of the regulation.

The defendant contends that for the Union now to disavow these agreements would constitute a denial of its statutory duty to represent the employees.  It is sufficient to say that the Union is bound by its agreements, including the arbitration clause in the CBA.

The plaintiffs are not so restricted in their contentions that there is no bona fide meal period and that the plug times are not reasonably related to the actual activities required for them to exit the production floor and return to their work stations.  The plaintiffs' expert witness attempted to prove that by his analysis of the videotapes admitted into evidence in the first trial.  The defendant's contradicting expert has challenged those opinions. The use of the videotapes is not in dispute.  The conclusions reached are based on interpretations that put this Court into the position that the Supreme Court and Seventh Circuit Court of Appeals suggest should be avoided.

The detailed matrix offered by Dr. Radwin does not adequately account for all of the variations involved, as noted above.  The plaintiffs' claims, while collectively presented, are, in law, the claims of individual employees.  Those individual differences are sought to be avoided by the use of averages.

Dr. Radwin's calculations are based on very limited information.  He used videotapes taken during one meal period on each shift and measured times by visually

tracking a few employees. The videotapes were taken and admitted for the purpose of showing the operation of the plant and the activities of the employees. He used a software program to compensate for the fact that because the video cameras were not running continuously it was necessary to calculate the times spent. Dr. Radwin said that he believed his statistical method had a 95 per cent confidence level.

The defendant's opinion witness, Dr. Paul Adams, also used a software program with an analyst doing random sampling from the videos to measure observed times for the activities in question. His results are markedly different from those of Dr. Radwin. These differences reflect the underlying difficulty in attempting to determine the realities of the workplace by those methods. On balance, this Court accepts the opinions of Dr. Adams.

Dr. Radwin's calculations of walk time are also rejected. The degree of congestion in stairways and walkways is too variable to be accepted as a measurable factor.

There are conflicting views in the courts concerning the application of the common law doctrine of de minimus to these cases and Justice Scalia expressed doubt about its application in *Sandifer.* The DOL has, however, adopted it in 29 C.F.R. § 785.47, reading, in part, as follows:

> In recording working time under the Act, insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded. The courts have held that such trifles are de minimis. This rule applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes

>duration, and where the failure to count such time is due to considerations justified by industrial realities. An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him. (Citations omitted.)

That fits this case.

In sum, the plaintiffs have failed to prove the claim that the employer has failed to provide them with a bona fide meal period under the regulation.

The plaintiffs ask for additional compensation for the times claimed in excess of that which they receive under the 2007 Agreement. To the extent that any of the plaintiffs are within the two-year period under the 2010 Agreement, counsel for the defendant has agreed that, to the extent practicable, those who were former employees during the relevant period should receive payment. This Court accepts that pledge and expects it to be fulfilled.

In the Order the defendant's claim that this action should be barred under § 259 because of its good faith reliance on DOL opinion letters of 2002 and 2007, was rejected because those letters were limited in their scope and the DOL has vacillated in its view. The good faith of the plant operator should not be ignored given the uncertainties that have been the result of differing opinions of different courts in the widespread litigation of these issues in analogous employment contexts.

When trial of Phase II began, this Court observed that liability and remedy are not completely separate matters. In reflecting on the evidence of the two opinion witnesses and a review of the videotapes it is not possible for this Court now to choose

between their conflicting opinions as to the actual times required for the relevant activities and say with a reasonable probability that the plaintiffs have met their burden of proving their entitlement to additional compensation.

This employer and its predecessors have worked with the Union in a good faith effort to comply with what they have perceived to be the applicable law.  As previously stated, the adversarial process of civil litigation is not designed for adjudicating this dispute and judges are ill-equipped to evaluate the work of industrial engineers doing time studies.

It must be admitted that the result now reached is contrary to the expectations generated by the previous Order.  It is, however, the result of careful reflection on the evidence in this case and the court opinions cited above.

Upon the foregoing, it is

ORDERED, that judgment will enter for the defendant JBS USA, LLC, dismissing the plaintiffs' claims for failure to meet their burden of proof and for the award of costs.

DATED: May 6th, 2014

                                          BY THE COURT:

                                          s/Richard P. Matsch
                                          _____
                                          Richard P. Matsch, Senior District Judge